UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-285-GFVT

DAVID HEMBREE,                                                                                                                                              PLAINTIFF,

V.                       **MAGISTRATE JUDGE'S REPORT AND**
                                     **RECOMMENDATION**

CAROLYN W. COLVIN,[1]
*Commissioner of Social Security*,                                                     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff David Hembree brought this action under 42 U.S.C. §405(g) to challenge a final decision of the Defendant Commissioner denying his application for supplemental security income. [Record No. 1]. This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). [Record No. 11]. Now ripe for decision are the Parties' cross-motions for summary judgment. For the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [Record No. 8] be denied, the Defendant's Motion for Summary Judgment [Record No. 10] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff filed an application under Title XVI for supplemental security income on August 12, 2008 alleging disability beginning December 6, 2005. [Tr. 114-118]. In his Disability Report, Form SSA-3368, Hembree claimed his work ability was limited due to a back condition,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

depression, and high blood pressure. [Tr. 137]. His relevant employment experience included work as a custodian. [Tr. 138]. The claim was denied initially and on reconsideration. [Tr. 62-65, 69-71]. At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge ("ALJ") Cam Oetter was conducted by video on October 28, 2010. [Tr. 34-53]. Plaintiff, represented by Roger Riggs, testified at the hearing. [Id.]. Vocational expert Dr. Silvio Reyes also testified. [Id.]. The Plaintiff was 48 years old on the date of the ALJ's decision. [ Tr. 22, 115].

ALJ Oetter denied the Plaintiff's claim for benefits in a written decision dated January 26, 2011. [Tr. 19-28]. He evaluated the Plaintiff's claim using the Commissioner's five-step sequential evaluation process Id.; 20 C.F.R. § 416.920(a)-(g). The ALJ found that the Plaintiff suffered from the severe impairments of "hypertension, diabetes, degenerative disc disease, and mild degenerative disease of the right shoulder." [Tr. 21]. Despite these conditions, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926)." [Tr. 22]. Continuing with his evaluation, the ALJ found that the Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work, as defined by 20 C.F.R. § 416.967(b), with the exceptions that he is only capable of occasional climbing, balancing, stooping, crouching, and crawling postures, but he can climb no ladders, ropes, or scaffolds, or work around unusual hazards such as unprotected heights. [Tr. 22]**.** In light of this RFC, the ALJ found the Plaintiff incapable of performing his past relevant work as a custodian. [Tr. 26]. The ALJ determined, however, that considering the Plaintiff's RFC, education, age, and work experience, there are other jobs in significant numbers in the national economy which the Plaintiff could perform. [Tr. 27]. To

support this determination, the ALJ relied upon testimony of the vocational expert to establish that the Plaintiff could perform a number of other jobs in the national economy, including occupations such as a ticket checker, lens inserter, or label cutter. Id.  This determination led to the finding that the Plaintiff is not disabled. Following the adverse decision of the ALJ, Plaintiff properly exhausted his administrative remedies by requesting review by the Social Security Appeals Council, which denied review. [Tr. 1-4].

The Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky on September 10, 2012. [Record No. 1]. In his motion for Summary Judgment, the Plaintiff sets forth multiple arguments for reversal of the ALJ's decision, specifically challenging credibility determinations of the ALJ. [Record No. 8]. The Commissioner responds that the ALJ's decision should be affirmed, as there is substantial evidence supporting the ALJ's credibility findings and the decision. [Record No. 10]. Following briefing, this matter was referred to the undersigned for preparation of a Report and Recommendation, and now stands ripe for consideration. [*See* Record No. 11].

## II. STANDARD OF REVIEW

A plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error.  Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991).  This burden on appeal stems from the overall burden a plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. 588; *see* 20 C.F.R. 404.1512(a)(c); *see also* 42 U.S.C. 405(g).  Because a plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's

3

decision is unsupported by substantial evidence. Pugh v. Secretary of Health, Education and Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).

The scope of judicial review in this case is not *de novo*, but instead is limited to the record itself to determine whether the Commissioner's findings are supported by substantial evidence. See 42 U.S.C. §405(g); Cohen v. Sec'y of Health and Human Servs., 964 F.2d 524, 528 (6th Cir. 1992); Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993). The Sixth Circuit has articulated that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

### III. ANALYSIS

In his Motion for Summary Judgment, the Plaintiff claims that the ALJ committed three (3) errors in denying Hembree's application for supplemental security income:

a)  That the ALJ failed to give great weight to the opinion of the treating physician, Dr. George Pittman, and failed to give adequate reasoning for discrediting his opinion;[2]

---

[2] In his motion, the Plaintiff claims this ground as two (2) separate errors: 1. That the ALJ failed to give proper weight to Dr. Pittman's opinion; and 2. That the ALJ failed to give adequate reasoning for discounting Dr. Pittman's opinion. [Record No. 8-1, at 1-2]. However, the opinion of a treating physician is entitled to greater weight only if it is not contradicted by objective medical findings and/or other substantial evidence on the record. See 20 C.F.R. §416.927(d)(2); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). Accordingly, as the ALJ gave a reason for discrediting Dr. Pittman's opinion, the weight assigned by the ALJ can only be found to be in error if his

4

b) That the ALJ failed to consider the cumulative effect of all the claimant's symptoms on his capacity to engage in gainful employment; and

c) That the ALJ failed to uphold his duty to investigate the facts and develop arguments both for and against granting benefits.

[Record No. 8-1, at 1-2]. As a result, the Plaintiff argues that there was not substantial evidence to support the ALJ's decision. [Record No. 8-1]. For the reasons discussed below, each of these arguments is without merit, and the decision of the ALJ should therefore be affirmed.

    a. *Weight Assigned to Dr. Pittman's Opinion*

The Plaintiff argues that the ALJ erred by giving little weight to the opinion of the Plaintiff's treating physician, Dr. Michael Pittman, and failed to give a sufficient reason, supported by substantial evidence on the record, for discrediting Dr. Pittman's opinion.

Under the treating physician rule, the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the ALJ declines to give a treating source's opinion controlling weight, he must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)). The medical opinion merits less weight when it is inconsistent with the record. *See* 20 C.F.R. §416.927(d)(2)(iii), (iv); Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 877 (6th Cir. 2007) (holding that the ALJ's decision to give less weight to a treating physician's opinion

---

reason for discrediting the opinion was insufficient or not supported by substantial evidence. The weight assigned is not itself a sufficient ground to challenge the determination.

was a "factual determination within [the ALJ's] discretion"). Furthermore, the ALJ has a duty to always give good reasons in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole v. Astrue, 661 F.3d 931, 938 (6th Cir. 2011) (quoting Soc. Sec. R. 96-2p, 1996 SSR LEXIS 9, at *12 (July 2, 1996)).

Dr. Pittman has treated the Plaintiff for back pain since 2007 and completed a Physical RFC Assessment of the Plaintiff on August 12, 2008. [Tr. 315-19]. In his Physical RFC Assessment, Dr. Pittman indicated that the Plaintiff needed surgery, because the Plaintiff's pain was an eight (8) on a scale of zero (0) to ten (10). [Tr. 315-19]. Dr. Pittman opined that the Plaintiff's depression was contributing to the severity of his symptoms. [Tr. 315-19]. He indicated that the Plaintiff was incapable of even "low stress" jobs, and his pain and symptoms would frequently interfere with his ability to concentrate and pay attention. [Tr. 316]. Further, the Assessment indicated that the Plaintiff could only walk one (1) city block without rest or severe pain, sit one (1) hour, and stand thirty (30) minutes, and would need five (5) minute periods of walking every thirty (30) minutes during an eight-hour day. Dr. Pittman noted that the Plaintiff would need to take several unscheduled breaks during a work day and miss four (4) or more days of work during a month as a result of his impairments and treatments. [Tr. 317-18]. Additionally, the Assessment denoted that the Plaintiff could use his hands for repetitive activities less than ten (10) percent of a workday and his arms for zero percent, and would be able to stoop and/or crouch for zero (0) percent. [Tr. 318]. Dr. Pittman regarded the Plaintiff's condition as serious and surgical. [Tr. 315-19].

The ALJ found "Dr. Pittman's opinion unpersuasive, and assign[ed] it little weight, because it is not consistent with objective findings including the post-hearing [consultative examination report] by an orthopedic surgeon." [Tr. 25]. The ALJ also reasoned that the Plaintiff had only been treated conservatively and never hospitalized. [Tr. 25]. The ALJ's decision specifically indicates two (2) inconsistencies that caused him to discredit Dr. Pittman's Assessment. First, the ALJ noted the post-hearing consultative examination by Dr. Kooros Sajadi, which indicated that, although the Plaintiff cannot perform strenuous exertion, he can perform light work with additional, but not disabling, limitations. [Tr. 25, 461-64]. Specifically, Dr. Sajadi indicated that the Plaintiff was not in acute distress, and his ability to use and range of motion in his spine, left shoulder, elbows, wrists, hands, hips, knees, ankles, and subtalar joints were within normal limits. [Tr. 462-63]. Second, the ALJ referenced Dr. Tim Micek's evaluation, indicating the Plaintiff is capable of "modified work status," and concluding that a major spine disease with neurological consequences was not supported by his examinations, including MRIs of the Plaintiff's spine. [Tr. 25, 199, 211, 231-32, 234-35, 237, 239]. The patent disparity between Dr. Sajadi's and Dr. Micek's evaluations and Dr. Pittman's assessment of the Plaintiff's ability to move his limbs and joints is striking and impressive. Dr. Pittman's assessment that the Plaintiff could use his hands less than ten (10) percent of the workday, would have no use of his arms, or the ability to stoop or crouch during an eight-hour workday does not denote use and range of motion within normal limits and cannot be reconciled with Dr. Sajadi's evaluation or Dr. Micek's opinion that the Plaintiff was capable of a "modified work status." Further, Dr. Pittman's evaluation and limitations would necessarily signify a patient in acute distress, which is inconsistent with Dr. Sajadi's evaluation and Dr. Micek's findings based on the Plaintiff's MRIs. These evaluations and findings are in stark contrast to Dr. Pittman's

7

Assessment and provide substantial evidence for discrediting the Assessment due to its inconsistency with objective findings and the overall record.

The Plaintiff references the evaluation of Dr. Allen Dawson, indicating that it "leaces [sic] serious doubt of whether the claimant can even finish a full work day." [Record No. 8-1, at 4 (citing Tr. 366[-73])]. However, the Plaintiff's reliance on Dr. Dawson's assessment is misguided. The assessment indicated some limitations on the Plaintiff's ability to lift and/or carry more than ten (10) pounds and some postural limitations, including being able to sit for only six (6) hours and stand and/or walk for at least two (2) hours. [Tr. 366-68]. Not only does Dr. Dawson's assessment contradict Dr. Pittman's opinion, specifically the amount of time the Plaintiff could sit, stand, and/or walk during the workday, there is no evidence or indication that the limitations indicated by Dr. Dawson were not taken into consideration by the ALJ and would prevent the Plaintiff from performing the occupations indicated by the ALJ. [*See* Tr. 27; 315-19; 366-70]. Dr. Dawson's assessment is more consistent with Dr. Micek's "modified work status" and Dr. Sajadi's characterization of the Plaintiff's limitations than with Dr. Pittman's Assessment of total disability. Therefore, there was substantial evidence to support his finding that the Assessment was inconsistent with the record and objective findings, and the ALJ's decision to discredit Dr. Pittman's opinion was proper.

  *b.*  *Plaintiff's Remaining Arguments*

The Plaintiff also suggests that the ALJ failed to consider the cumulative effect of his physical and mental impairments. [Record No. 8-1 at 3-4]. This argument is misguided. First, the Sixth Circuit has said that where the ALJ refers to a "combination of impairments," the individualized discussion of other impairments does not show that he failed to consider the cumulative effect. Loy v. Sec'y of Health and Human Serv., F.2d 1306, 1310 (6th Cir. 1990). In

addition, in this case the ALJ specifically noted that he had considered the entire record and all of the Plaintiff's symptoms throughout his opinion. During step 2 of the 5-step analysis, in finding the Plaintiff's impairment does not qualify as an impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1, the ALJ specifically stated that "[n]o physician has given an opinion that the claimant's impairments, singly *or in combination*, equal a listed impairment in severity." [Tr. 21 (emphasis added)]. He went on to indicate, in determining the Plaintiff's RFC at step 4 of the analysis, "I have considered *all* symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, 06-3p." [Tr. 22 (emphasis added)]. Furthermore, the ALJ appeared to rely significantly on the Plaintiff's daily activities and the tasks he was able to perform. [Tr. 22 (emphasis added); 26]. The ALJ noted that the Plaintiff reported having trouble walking and breathing, but was able to live alone in a two-story house and to drive. [Tr. 22]. He also noted that the Plaintiff, "took care of his personal needs and shops…was able to pay bills, count change, handle a saving account, and use a checkbook/money order." Id. The ALJ also noted that the Plaintiff reported breathing problems, but chose to smoke tobacco and marijuana. Id. Significantly, the ALJ indicated, twice, that the Plaintiff's activities were limited "somewhat by choice and habit" rather than "incapacity." [Tr. 25-26]. Considering the entirety of the ALJ's opinion, there is no reason to question that the ALJ sufficiently considered the cumulative effect of the Plaintiff's impairments. The Plaintiff's argument to the contrary is without merit.

The Plaintiff appears to assert that the ALJ failed to uphold his "duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01 (1971)); Record No. 8-1, at

9

2. However, the Plaintiff provides no factual basis or support for this assertion; nor does the Plaintiff develop an argument grounded in this assertion beyond the mere recitation of such claim. [*See* Record No. 8-1, at 2-5]. Accordingly, the Plaintiff has failed to meet his burden to establish error. Further, a review of the ALJ's decision yields the conclusion that the ALJ properly developed the facts and considered the merits and deficiencies of the Plaintiff's claim, which ultimately led to his conclusion that the Plaintiff was not disabled. [Tr. 16-33].

Finally, the Plaintiff appears to assert a claim of error within his argument relating to the ALJ's determination that the Plaintiff's impairments were not severe enough to meet an impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1. [Record No. 8-1, at 4; *see also* Record No. 10, at 13-14]. However, the Plaintiff fails to provide any factual support for this claim or show or specifically allege that his conditions and limitations do actually meet a listed impairment and which listed impairment he is alleging. Further, the Court would like to note that "[f]or a claimant to show that [his] impairment matches a listing, it *must meet all* of the specified medical criteria. An impairment that manifests only some of those criteria, *no matter how severely*, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). Without stating which listed impairment his condition meets or was analogous to, let alone showing how his condition actually meets the specific criteria for a specific listed impairment, the Plaintiff has failed to meet his burden to establish an error.

### IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED AS FOLLOWS:

    I.    That the Plaintiff's Motion for Summary Judgment [Record No. 8] be DENIED; and

II. That the Defendant Commissioner's Motion for Summary Judgment [Record No. 10] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 12, 2013.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge